IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

  v.

STARBUCKS CORPORATION,
a Washington Corporation, and DOES 1–10,

    Defendants.

No. C 17-02454 WHA

**ORDER DENYING MOTION TO STAY**

## INTRODUCTION

In this ADA action, defendant moves to stay proceedings pending the Judicial Panel on Multidistrict Litigation's ruling on defendant's motion to transfer this case and similar actions to a single district for coordination. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

Plaintiff Scott Johnson initiated this matter in April 2017 against defendant Starbucks Corporation, alleging violations of the Americans with Disability Act and the Unruh Civil Rights Act at a Starbucks store in Danville. Plaintiff has brought 20 other actions against defendant alleging ADA violations in Starbucks stores throughout California. On April 23, 2018, defendant filed a motion with the Judicial Panel on Multidistrict Litigation to transfer those 21 cases to a single district for coordination. On April 27, defendant moved to stay this action pending a ruling by the Panel on defendant's motion to transfer. Plaintiff opposes (Dkt. Nos. 1, 43, 49). Pursuant to Civ. L.R. 7-1(b), this order finds defendant's motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for May 17.

## ANALYSIS

The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nothing requires that an action be stayed when a motion to consolidate and transfer is pending. The Panel's rules state:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

J.P.M.L. Rule 2.1(d). When considering a motion to stay, district courts consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (Judge Andrew Hauk).

Denying defendant's motion to stay would not lead to duplicative litigation or inconsistent results. No motions are pending and defendant has until August 30 to file a motion for summary judgment. While defendant's motion identified a May 7 mediation between the parties, that date has come and gone. Nor would denying a stay unfairly prejudice defendant. Discovery taken now can be used in any future consolidated action. On balance, the factors do not favor staying this action.

## CONCLUSION

For the reasons stated above, defendant's motion to stay the action is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 11, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2