IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

STARBUCKS CORPORATION, a
Washington Corporation, and DOES 1–10,

    Defendants.

No. C 17-02454 WHA

**ORDER FOLLOWING
EVIDENTIARY HEARING**

On September 10, the Court held a three-hour evidentiary hearing at which five witnesses testified. Sufficient evidence was adduced to support the proposition that plaintiff Scott Johnson is engaged in the business of enforcing federal and state disability laws, that he is confined to wheelchair, and that his investigatory practices have included, among other things, sending assistants into businesses to obtain receipts for cash purchases, then in litigation portraying those purchase as having been made by him. Plaintiff's investigatory practices have also included authorizing his assistants to look for violations of disability laws while traveling on personal vacations, even though plaintiff was not himself present, so that plaintiff could send demand letters to those establishments.

Based upon the evidentiary hearing, these findings, and the showing of counsel, the following discovery is now ordered: plaintiff must turn over all intake forms, receipts, and photographs related to plaintiff's alleged visits to the single Starbucks store at issue in this case. To the extent such materials contain privileged work product, this order finds that the materials are otherwise discoverable under FRCP 26(b)(1) and that defendant has shown that it has

substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Plaintiff shall produce these documents (all of which were already collected and shown to the undersigned judge *in camera*) to defendant by **SEPTEMBER 17 AT NOON** unless emergency relief is sought from our court of appeals by that same time.

This order does not reach the further question of whether or not similar documents should be produced for plaintiff's visits to California Starbucks locations that are the subject of separate lawsuits. The Court will review the further materials lodged by plaintiff for *in camera* review and will issue a ruling as to those materials in due course.

Also at the evidentiary hearing, defense counsel noted plaintiff's practice of remaining silent in the pleadings as to the actual dates plaintiff visited the businesses sued by plaintiff. This practice makes it impossible for the defense to consult other public filings and to thereby construct a chronology of when and where plaintiff visited on a given day (to see if plaintiff could plausibly have visited the store in question in light of other locations visited). Plaintiff has engaged in "drive-bys" and/or visits to upwards of thirty businesses on a given day. Accordingly, plaintiff's counsel must review all of plaintiff's intake forms and supply defense counsel with a list of businesses and locations plaintiff visited on the same dates as plaintiff visited the Starbucks store at issue in this case. This discovery is proportional to the needs of the case and has been limited to plaintiff's activities on the seven dates he alleges to have visited the Starbucks at issue. Plaintiff shall produce this list to defendant by **SEPTEMBER 24 AT NOON** unless emergency relief is sought from our court of appeals by **SEPTEMBER 17 AT NOON**.

Further briefing on plaintiff's motion for summary judgment remains **HELD IN ABEYANCE** pending resolution of the above discovery maters.

**IT IS SO ORDERED.**

Dated: September 11, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2