IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington Corporation, and DOES 1–10,

    Defendants.

No. C 17-02454 WHA

**ORDER DENYING MOTION TO AMEND ORDER**

## INTRODUCTION

In this action brought under the Americans with Disabilities Act, plaintiff moves to amend a prior order. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

Plaintiff Scott Johnson initiated this matter in April 2017 against defendant Starbucks Corporation, alleging violations of the Americans with Disability Act and the Unruh Civil Rights Act at a Starbucks store in Danville, California. In an August 8 discovery letter brief, defendant argued that plaintiff had withheld evidence related to plaintiff's standing to sue in this action. An August 16 order set an evidentiary hearing related to the parties' discovery dispute. Specifically, the August 16 order explained that the evidentiary hearing would cover (1) any pattern or practice by plaintiff of bringing ADA lawsuits without visiting the businesses sued, and (2) the number of times plaintiff visited the Starbucks location at issue in this case. On September 10, the Court held a three-hour evidentiary hearing at which five witnesses testified. A September 11 order made certain factual findings based on the evidence presented at the

evidentiary hearing. Plaintiff now moves to correct the September 11 order under Rule 60(a), proposing three changes (Dkt. Nos. 1, 58, 64, 71, 76).

This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds plaintiff's motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for October 25.

**ANALYSIS**

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." While the rule allows for correction of clerical errors and oversights, it does not permit correction of substantive mistakes. In *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (emphasis in original), our court of appeals explained:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Plaintiff moves to correct the September 11 order in three ways. *First*, the September 11 order found:

> Plaintiff's investigatory practices have also included authorizing his assistants to look for violations of disability laws while traveling on personal vacations, even though plaintiff was not himself present, so that plaintiff could send demand letters to those establishments.

Plaintiff argues that because he did not receive money as a result of these letters, the phrase "demand letters" is an unfair characterization. Plaintiff further argues that describing these letters as having been sent "even though plaintiff was not present" suggests that plaintiff did something "illicit." *Second*, without pointing to any particular language, plaintiff argues that the September 11 order "gives the impression" that the testimony presented at the September 10 hearing surrounded his current business practices. *Third*, plaintiff argues that use of the term "drive-by" is pejorative in the context of ADA lawsuits and "implies a behavior that was not established or explored at the hearing."

The September 11 order's findings are fully supported by the record. These requested changes, in any event, are based on purportedly factual or legal mistakes. As such, the changes fall beyond the scope of clerical mistakes and oversights permitted under Rule 60(a). *See Blanton*, 813 F.2d at 1577. Given that plaintiff moves to correct the September 11 order only under Rule 60(a), his motion must be **DENIED**.

## CONCLUSION

For the reasons stated above, plaintiff's motion under Rule 60(a) is **DENIED**. The October 25 hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 16, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE