IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation,

Defendant.

No. 17-02454 WHA

**INVITATION FOR UNITED STATES TO FILE AMICUS BRIEF**

In this action under the Americans with Disabilities Act and California's Unruh Civil Rights Act, a pivotal issue has become the interpretation of the 2010 ADA Accessibility Guidelines ("ADAAG") adopted by the United States Department of Justice. The particular issue relates to 2010 ADAAG 904.4.1, concerning sales and service counters. The provision provides (36 C.F.R. § Pt. 1191, App. D):

> 904.4.1 Parallel Approach. A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.
>
> EXCEPTION: Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

The parties agree on the following facts. At the subject facility, the defendant Starbucks has one continuous transactions counter, uniform in height and depth, designed for customers using wheelchairs to make a parallel approach. Two cash registers are located on the

1  transaction counter and adjacent to each cash register is space provided for customers to make
2  their transactions. The transaction counter is also used to display merchandise. The counter
3  uniformly measures less than 36 inches high. Because of the cash registers and merchandise
4  displays, however, defendant does not provide a 36-inch-long clear counter surface. The
5  following image is illustrative.



18  Defendant argues that ADAAG 904.4.1's "exception" applies where, as here, the sales
19 counter shared by all customers is of a uniform height. In such a situation, defendant argues,
20 the exception requires only that the counter be no higher than 36-inches tall with no minimum
21 length requirement. Plaintiff argues that a more logical interpretation is that ADAAG 904.4.1's
22 exception applies only where a 36-inch-wide counter *cannot* be provided, such as where it
23 would be technically infeasible or not readily achievable. *See* 28 C.F.R. § 36.305(a); 36 C.F.R.
24 § Pt. 1191, App. B § 202.3, Exception 2.
25  In light of the apparent conflict presented by the text of ADAAG 904.4.1 and its
26 exception, the district court would appreciate an amicus brief from the United States on the
27 following two questions:
28

2

1. Under the above-described circumstances, does ADAAG 904.4.1's exception apply such that the sales counter need not meet ADAAG 904.4.1's 36-inch length requirement?

2. If ADAAG 904.4.1's 36-inch length requirement does apply, does a defendant violate this length requirement by maintaining merchandise or other items on the counter top, thereby failing to maintain 36-inches of clear counter space?

The Court requests that the United States Department of Justice advise the Court and the parties of its views on these questions. The Court would appreciate the United States notifying the Court of a date by which it believes an amicus brief on these issues could be submitted.

The Deputy Clerk shall serve this order on Sara Winslow of the United States Attorney's Office.

Dated: November 30, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE