DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ELLEN LONDON (NYRN 4605671)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7288
    FAX: (415) 436-7169
    ellen.london@usdoj.gov

Attorneys for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT JOHNSON, | CASE NO. CV 17-2454 WHA |
|     Plaintiff, | |
|   v. | **AMICUS BRIEF** |
| STARBUCKS CORPORATION, | |
|     Defendant. | |

The United States respectfully submits this amicus brief in response to the Court's November 30, 2018 Invitation for United States to File Amicus Brief, ECF No. 106. Plaintiff brings a variety of claims alleging that Defendants have violated Title III of the Americans with Disabilities Act (ADA) and state law. One of those claims posits that Defendants have violated Section 904.4.1 of the 2010 ADA Standards for Accessible Design (2010 Standards) because they have failed to provide 36 inches of clear space on the transaction counter at their Starbucks store. As explained more fully below, that claim fails: nothing in Section 904.4.1 so much as mentions, much less requires, that the counter space required by the 2010 Standards be "clear." Accordingly, Defendants' alleged failure to provide 36 inches of clear counter space does not violate Section 904.4.1. The United States takes no position on any other issue in this case.

**AMICUS BRIEF**
CV 17-2454 WHA                               1

# I. BACKGROUND

## A. Title III of the ADA and its Implementing Regulations

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes a failure to design or construct facilities, or make alterations to the maximum extent feasible, that are "readily accessible to and usable by individuals with disabilities . . . in accordance with standards set forth or incorporated by reference in regulations" issued under Title III. *Id.* § 12183(a)(1)-(2).

The ADA directs the United States Attorney General to promulgate implementing regulations and, with respect to physical access, to ensure consistency with the minimum guidelines and requirements of the Architectural and Transportation Barriers Compliance Board, now known as the Access Board. *Id.* § 12186(b)-(c). The Title III regulation details how places of public accommodation and commercial facilities are "to be designed, constructed, and altered in compliance with the accessibility standards" set out in the regulations. 28 C.F.R. § 36.101(a). The ADA Standards for Accessible Design (ADA Standards), comprising both the 1991 Standards and 2010 Standards, set out the relevant accessibility standards for evaluating compliance with the statute and regulation. *See* 42 U.S.C. §§ 12183, 12186; 28 C.F.R. §§ 36.102; 36.304(d) and Subpart D.

## B. The ADA Standards for Accessible Design

The Department has promulgated two sets of ADA Standards. The 1991 Standards were published on July 26, 1991, and are contained in Appendix D of the Title III regulation. 28 C.F.R. pt. 36, App. D. The 1991 Standards are based on the Access Board's ADA Accessibility Guidelines (1991 ADAAG), which were published the same day. The Access Board issued updated ADA Accessibility Guidelines in 2004 (2004 ADAAG), with the goal of harmonizing existing federal accessibility

standards and model building codes. *See* 36 C.F.R. pt. 1191. The Department promulgated the 2010 Standards on September 15, 2010.

The ADA Standards cover "fixed or built-in elements of buildings, structures, site improvements, and pedestrian routes or vehicular ways located on a site." 28 C.F.R. § 36.406(b); *see* 28 C.F.R. pt. 36, app. A at 860-61 (Section 36.406(b)). They establish the minimum scoping and technical requirements for a facility or part thereof to be "readily accessible to and usable by individuals with disabilities." 2010 Standards, Overview, § 101.1; *see generally* 1991 Standards, § 4 (setting out scope and technical requirements for accessible elements and spaces). The ADA Standards do not address, however, every conceivable disability impact in a physical space. Rather, they are designed to provide a convenient degree of access for most people with disabilities to approach, enter, and use a facility. *See* H. R. Rep. No. 101-485, pt. 2, at 117-18 (1990) (noting that "the term [readily accessible to and usable by] contemplates a high degree of convenient accessibility, entailing accessibility of parking areas, accessible routes to and from the facility, accessible entrances, usable bathrooms and water fountains, accessibility of public and common use areas, and access to the goods, services, programs, facilities, accommodations, and work areas available at the facility").

The determination of whether a feature or element of a covered facility complies with the relevant ADA Standards begins with the scoping requirements set forth in Chapter 2. As relevant here, Section 227.1 states that, "[w]here provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904." 2010 Standards § 227.1. Section 227.3 further specifies that "[w]here provided, at least one of each type of sales counter and service counter shall comply with 904.4. Where counters are dispersed throughout the building or facility, counters complying with 904.4 also shall be dispersed." 2010 Standards § 227.3. The advisory to Section 227.3 addresses scenarios where one counter is used to provide multiple services:

> Types of counters that provide different services in the same facility include, but are not limited to, order, pick-up, express, and returns. One continuous counter can be used to provide different types of service. For

**AMICUS BRIEF**
CV 17-2454 WHA 3

> example, order and pick-up are different services. It would not be
> acceptable to provide access only to the part of the counter where orders
> are taken when orders are picked-up at a different location on the same
> counter. Both the order and pick-up section of the counter must be
> accessible.

2010 Standards § 227.3 Advisory.[1]

Chapter 9, entitled "Built-In Elements," sets out the technical requirements for sales and service counters. *See* 2010 Standards, Chapter 9. Section 904.1 generally mandates that "[c]heck-out aisles and sales and service counters shall comply with the applicable requirements of 904." 2010 Standards § 904.1. Section 904.2 requires that "[a]ll portions of counters required to comply with 904 shall be located adjacent to a walking surface complying with 403." 2010 Standards § 904.2. The advisory to Section 904.2 further specifies that, "[i]f a cash register is provided at the sales or service counter, locate the accessible counter close to the cash register so that a person using a wheelchair is visible to sales or service personnel and to minimize the reach for a person with a disability." 2010 Standards § 904.2 Advisory.

Section 904.4 provides additional technical requirements for sales and service counters. It requires that "[s]ales counters and service counters" designed to accommodate a parallel approach by a person in a wheelchair "shall comply with 904.4.1," and further directs that "[t]he accessible portion of the counter top shall extend the same depth as the sales or service counter top." 2010 Standards § 904.4.

Section 904.4.1 provides:

> **Parallel Approach**. A portion of the counter surface that is 36 inches
> (915 mm) long minimum and 36 inches (915 mm) high maximum above
> the finish floor shall be provided. A clear floor or ground space
> complying with 305 shall be positioned for a parallel approach adjacent to
> the 36 inch (915 mm) minimum length of counter.
>
> **EXCEPTION:** Where the provided counter surface is less than 36 inches
> (915 mm) long, the entire counter surface shall be 36 inches (915 mm)
> high maximum above the finish floor.

---

[1] "Unless specifically stated otherwise, the advisory notes, appendix notes, and figures contained in the 1991 Standards and 2010 Standards explain or illustrate the requirements of the rule; they do not establish enforceable requirements." 28 C.F.R. § 36.406(b).

2010 Standards § 904.4.1.

Thus, the relevant 2010 Standards address only limited aspects of sales and service counters: the counter's height and length and the required clear floor space based on the available approaches for people who use wheelchairs or other mobility devices. Sections 227 and 904 of the 2010 Standards do not address any other aspects of sales and service counters. 2010 Standards §§ 227, 904.4.1.

### C. Defendants' Transaction Counter

"The parties agree" that at "the subject facility, defendant Starbucks has one continuous transaction counter, uniform in height and depth, designed for customers using wheelchairs to make a parallel approach." ECF 106 at 1. "Two cash registers are located on the transaction counter and adjacent to each cash register is space provided for customers to make their transaction." *Id.* at 1-2. "The transaction counter is also used to display merchandise." *Id.* at 2. "The counter uniformly measures less than 36 inches high." *Id.* The submissions from the Court and the parties do not clearly state the length of the transaction counter as built. *See id.* But "[b]ecause of the cash registers and merchandise displays . . . defendant does not provide a 36-inch-long clear counter surface." *Id*.

## II. DISCUSSION

The Court requested that the United States address the following questions:

> i. Under the above-described circumstances, does ADAAG 904.4.1's exception apply such that the sales counter need not meet ADAAG 904.4.1's 36-inch length requirement?
>
> ii. If ADAAG 904.4.1's 36-inch length requirement does apply, does a defendant violate this requirement by maintaining merchandise or other items on the counter top, thereby failing to maintain 36-inches of clear counter space?

ECF No. 106 at 3.

Section 904.4.1 does not mention, let alone require, that an entity provide any particular amount of "clear" counter space. In fact, a sales or service counter that is uniformly less than 36 inches high satisfies 904.4.1 or its exception. Such a counter satisfies 904.4.1 where it is at least 36 inches long and

**AMICUS BRIEF**
CV 17-2454 WHA  5

904.4.1's exception where it is less than 36 inches long. Accordingly, 904.4.1's exception is available on the above-described facts and would be applicable if Defendants' transaction counter is less than 36 inches long. Moreover, because 904.4.1's length requirement does not mandate any particular amount of "clear" counter space, Defendants have satisfied that requirement if their transaction counter, as built, equals or exceeds 36 inches in length. Thus, in all events, Defendants' failure to provide 36 inches of clear counter space does not violate 904.4.1, and Plaintiff's claim to the contrary fails.

**A.    Question 1: Applicability of Section 904.4.1's Exception**

Section 904.4.1 and its exception both require that a sales or service counter be "36 inches (915 mm) high maximum above the finish floor," and Section 904.4.1 further requires that a sales or service counter be "36 inches (915 mm) long minimum." 2010 Standards § 904.4.1. In practice, comparing a long hotel registration counter to a short ticket window counter illuminates how Section 904.4.1 and its exception operate. Section 904.4.1 requires that a counter that is longer than 36 inches, like a long hotel registration counter, include a portion that is no more than 36 inches high and at least 36 inches long. But 904.4.1 does not require an entity to lengthen a shorter counter to at least 36 inches. Thus, in contrast, a counter that is less than 36 inches long, such as a 24-inch-long ticket counter at a stadium, falls within 904.4.1's exception. In that scenario, the entire counter provided to all customers, including customers with and without disabilities, must be no more than 36 inches high. *See generally id.*

In other words, an entity satisfies Section 904.4.1 whenever it provides a sales or service counter that is of a uniform height of less than 36 inches. *See generally id.* Such a counter either equals or exceeds "36 inches (915 mm) long"—in which case it complies with Section 904.4.1—or is shorter than 36 inches long, in which case it satisfies the exception. *Id.* Thus, Section 904.4.1's separate length requirement is triggered only where an entity provides a sales or service counter that is not less than 36 inches high across its entire length. *See generally id.*

Here, it is undisputed that Defendants' transaction counter is a uniform height of less than 36 inches. ECF No. 106 at 1-2. Accordingly, Defendants have complied with Section 904.4.1 or its exception. *See generally* 2010 Standards § 904.4.1.

Thus, the answer to the Court's first question is that 904.4.1's exception is available in "the above-described circumstances," and would be applicable if Defendants' transaction counter is less than 36 inches long. ECF No. 106 at 3. If, however, Defendants' transaction counter is equal to or longer than 36 inches as built, Defendants still have complied with 904.4.1 for the reasons explained below.[2]

**B. Question 2: Section 904.4.1 and Clear Counter Space**

Defendants have satisfied 904.4.1's length requirement if their transaction counter, as built, equals or exceeds 36 inches in length. An entity does not violate the length requirement, where applicable, when it "maintain[s] merchandise or other items on the counter top, thereby failing to maintain 36-inches of clear counter space." ECF No. 106. The inquiry into whether a sales or service counter satisfies Section 904.4.1's length requirement turns on the length of the counter as built, not on the length of "clear" counter space. *See* 2010 Standards § 904.4.1. After all, 904.4.1 does not so much as mention, let alone prescribe any requirements regarding, "clear" counter space. *See id.* Nor would it make sense to construe 904.4.1 to imply such a requirement: 904.4.1's exception expressly recognizes that a sales or service counter that is less than 36 inches long can satisfy Title III's mandate to provide ready access and use to individuals with disabilities. *See id.*; 42 U.S.C. §§ 12182(a); 12183(a)-(b).

Moreover, the ADA Standards "cover fixed or built-in elements of buildings, structures, site improvements, and pedestrian routes or vehicular ways located on a site." 28 C.F.R. § 36.406(b); *see* 28 C.F.R. pt. 36, app. A at 860-61 (Section 36.406(b)) ("Application of Standards to Fixed

---

[2] The submissions from the Court and the parties do not clearly state the length of Defendants' transaction counter as built, but instead only that the counter provides less than 36 inches of "clear" counter space. *See* ECF No. 106 at 1-2; ECF No. 111 at 2-3. The United States has assessed the photographs that the Court and Plaintiff submitted; from those photographs, the length of the counter, as built, appears to be longer than thirty-six inches.

**AMICUS BRIEF**
CV 17-2454 WHA                                      7

Elements"). Accordingly, Section 904.4.1's counter length provision applies to the *entire fixed or built-in* sales or service counter, regardless of what items are placed on the counter, and not just the clear counter space offered to customers for conducting transactions. 28 C.F.R. § 36.406(b); *see* 28 C.F.R. pt. 36, app. A at 860-61 (Section 36.406(b)) ("Application of Standards to Fixed Elements"). Section 904.2's Advisory further directs that, when a cash register is set on a sales or service counter, it should be located where people with disabilities can reach the cash register and where they are visible to sales or service staff. *See* 2010 Standards Advisory 904.2 Approach; *see also* 28 C.F.R. pt. 36 app. B at 929 ("A parallel approach to sales and service counters also can provide the accessibility required by the 2010 Standards. Individuals using wheelchairs can approach sales and service counters from the side, and, assuming the necessary elements, features, or merchandise necessary to complete a business transaction are within the reach range requirements for a side approach, the needs of the individuals with disabilities can be met effectively."). Thus, Defendants' alleged failure to include 36 inches of clear counter space would not violate Section 904.4.1 in any event.

### III. CONCLUSION

For the foregoing reasons, neither Section 904.4.1 nor its exception requires clear counter space at sales and service counters subject to the ADA's requirements.

//

//

//

//

//

//

//

//

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Date: February 25, 2019

*/s/Ellen London*
ELLEN LONDON

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

MARY THOMAS
Deputy Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Chief
Disability Rights Section

ROBERTA S. KIRKENDALL
Special Legal Counsel
Disability Rights Section

*/s/Cheryl Rost*
CHERYL ROST
Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice

*Counsel for the United States*

**AMICUS BRIEF**
CV 17-2454 WHA

9