IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation,

    Defendant.

No. C 17-02454 WHA

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this action asserting claims under the Americans with Disabilities Act and California's Unruh Civil Rights Act, plaintiff moves for summary judgment. For the following reasons, the motion is **DENIED**.

## STATEMENT

At all material times, plaintiff Scott Johnson, who had quadriplegia, used a wheelchair for mobility. On at least nine occasions in 2015 and 2016, plaintiff visited a Starbucks store in Danville, California, located approximately ninety miles from plaintiff's home. During these visits, plaintiff encountered a transaction counter crowded with merchandise and displays (Johnson Decl. ¶¶ 2–9).

Plaintiff initiated this action in April 2017 and filed the instant motion for summary judgment in August 2018. An order stayed briefing on plaintiff's motion pending resolution of discovery disputes related to plaintiff's standing to sue. Following plaintiff's production of

additional documents, an amended scheduling order set a new briefing schedule. At the hearing on plaintiff's motion for summary judgment, the undersigned proposed inviting the United States Department of Justice to submit an amicus brief on the proper interpretation of Section 904.4.1 of the 2010 ADA Accessibility Guidelines (an issue central to the instant motion). After the parties filed statements of non-opposition to the proposal, an order held in abeyance plaintiff's motion pending receipt of the DOJ's amicus brief. The DOJ filed its amicus brief in February 2019 and the parties have each filed supplemental briefs in response (Dkt. Nos. 1, 54, 82, 103–05, 115–19). This order accordingly follows full briefing and oral argument.[1]

**ANALYSIS**

Summary judgment is proper where the pleadings, depositions, declarations, attached documents and other evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). On summary judgment, courts must draw all reasonable evidentiary inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

1. **AMERICANS WITH DISABILITIES ACT.**

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes a failure to design or construct facilities, or make alterations to the maximum extent feasible, that are "readily accessible to and usable by individuals with disabilities . . . in accordance with standards set forth or incorporated by reference in regulations" issued under Title III. *Id.* § 12183(a)(1)–(2).

---

[1] Defendant requests judicial notice of the fact that the distance between Carmichael, California and the Starbucks at issue is approximately ninety-six miles. Because this order does not address defendant's standing argument, this request is **DENIED AS MOOT**. Defendant also objects to the report of plaintiff's expert, Gary Waters. Because considering the Waters report would not change the outcome of this order, this objection is **OVERRULED AS MOOT**.

2

Congress tasked the Attorney General with promulgating Title III's implementing regulations. Congress further provided that these implementing regulations must be consistent with the minimum guidelines issued by the Architectural and Transportation Barriers Compliance Board. *Id.* § 12186(b)–(c). These regulations detail how places of public accommodation are "to be designed, constructed, and altered in compliance with the accessibility standards" set out in the regulations. 28 C.F.R. § 36.101(a). The ADA Standards for Accessible Design (ADA Standards) set out the relevant accessibility standards for evaluating compliance with the statute and regulations. These ADA standards, in turn, are based on the Access Board's ADA Accessibility Guidelines ("ADAAG"). *Fortyune v. Am. Multi–Cinema, Inc.*, 364 F.3d 1075, 1080–81 (9th Cir. 2004). Generally, a facility is "readily accessible to and usable by individuals with disabilities" if it meets the ADAAG's design standards. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

In his motion for summary judgment, plaintiff argues that defendant violated Section 904.4.1 of the 2010 ADAAG, which deals with sales and service counters. Plaintiff does not take issue with the height of the counter but instead takes issue with the counter's length. Section 904.4 requires sales counters to "comply with 904.4.1 *or* 904.4.2." It is undisputed that Section 904.4.1, which corresponds with a "parallel approach," applies here. The relevant provisions provide as follows (36 C.F.R. § Pt. 1191, App. D):

> 904.4.1 Parallel Approach. A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.
>
> EXCEPTION: Where the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor.

Section 904.4.1 and its exception require transaction counters to be "36 inches (915 mm) high maximum above the finish floor." Section 904.4.1 further requires that a sales or service counter be "36 inches (915 mm) long minimum." But, as explained by the DOJ in its brief, where the entire counter provided to all customers, including customers with and without disabilities, is no more than 36 inches high, Section 904.4.1's exception applies. In such a case,

3

an entity need not lengthen a shorter counter to be at least 36 inches.  Rather, an entity satisfies Section 904.4.1's exception whenever it provides a transaction counter that is of a uniform height of less than 36 inches.  Moreover, the DOJ explains, where a transaction counter, as built, equals or exceeds 36 inches in length, an entity does not violate Section 904.4.1's length requirement when it maintains merchandise or other items on the counter top and therefore lacks 36 inches of "clear" counter space.  Rather, the inquiry into whether a sales or service counter satisfies Section 904.4.1's length requirement turns on the length of the counter as built, not on the length of "clear" counter space (Dkt. No. 115 at 6–7).

Here, the parties agree that defendant's store has one continuous transactions counter, uniform in height and depth, designed for customers using wheelchairs to make a parallel approach.  The counter uniformly measures less than 36 inches high.  Two cash registers are located on the transaction counter.  Adjacent to each cash register is space provided for customers to make their transactions.  The transaction counter is also used to display merchandise (Padilla Decl. ¶¶ 3–7, Dkt. No. 54-11).  Although there is not 36 inches of "clear" counter space (due to the cash registers and merchandise displays), defendant has complied with either Section 904.4.1 (if the length of the counter is longer than 36 inches) or it's exception (if the length of the counter is less than 36 inches), because the transaction counter is a uniform height of less than 36 inches.  Moreover, as explained by the DOJ, Section 904.4.1 "does not mention, let alone require, that an entity provide any particular amount of 'clear' counter space" (Dkt. No. 115 at 5).

Perhaps recognizing that courts "must give an agency's interpretation of its own regulations controlling weight unless it is plainly erroneous or inconsistent with the regulation," *Miller v. California Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008) (citation and internal quotation marks omitted), plaintiff now concedes that "[t]echnically, 904.4.1 does not require a single millimeter of clear, useable space for wheelchair users" (Dkt. No. 119 at 1).  Changing course, plaintiff instead argues that defendant violated the ADA by failing to "maintain" the counter in a way that renders the counter accessible.

In support, plaintiff relies on Section 36.211(a) of Title 28 of the Code of Federal Regulations. Section 36.211 provides:

> (a) A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.
>
> (b) This section does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs.

Section 36.211(a) merely requires, therefore, that once a facility is brought into compliance with the relevant accessibility standards, that accessibility must be maintained so that persons with disabilities may continue to access and use the facility. Plaintiff's reliance on *Kalani v. Starbucks Corporation*, 81 F. Supp. 3d 876, 887 (N.D. Cal. 2015) (Judge Lucy Koh), *aff'd*, 698 Fed. App'x. 883, is misplaced. There, the district court rejected the defendant's argument that merchandise on its counters fell within Section 36.211(b)'s exemption for "temporary" interruptions in access because the items were "movable." *Id.* at 885. Inherent in the defendant's argument was the (incorrect) assumption that the placement of merchandise *could* cause a transaction counter to measure less than the legally required length. *Id.* at 884–85. The defendant did not argue, and the district court and court of appeals did not address, the issue squarely confronted by the DOJ in its amicus brief — the length requirement under Section 904.4.1 and its exception. As interpreted by the DOJ, and as held herein, the inquiry into whether a sales or service counter satisfies Section 904.4.1's length requirement turns on the length of the counter as built, not on the length of "clear" counter space. It is axiomatic that defendant's obligation to "maintain" the accessibility of its facilities does not impose greater obligations than those obligations imposed by the ADAAG in the first instance.

Plaintiff's remaining authorities are inapposite. In *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001, 1009 (9th Cir. 2015), our court of appeals reversed the district court's grant of summary judgment on the plaintiff's ADA claim regarding an accessible sales counter, concluding that the plaintiff "offer[ed] insufficient evidence that the obstructions on the counter violated his rights under Title III of the ADA" because "the items on the otherwise properly accessible sales counter depicted in [the plaintiff's] photographs were not a barrier to the use of

5

the counter by persons with disabilities." And, in *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004), our court of appeals addressed whether the plaintiff had shown that a movie theater discriminated against him by failing to make a reasonable modification in "policies, practices, or procedures" necessary to accommodate his disability as required by 42 U.S.C. § 12182(b)(2)(A)(ii). Plaintiff's motion, in contrast, is predicated on an alleged failure to remove architectural barriers as required by 42 U.S.C § 12182(b)(2)(A)(iv).

Finally, plaintiff references an animated video recently released by the Access Board. The video explains the Access Board's view that, among other things, "it is important that accessible portions of counters be kept clear of merchandise displays and other objects" (Dkt. No. 119 at 3) (citing https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/aboutthe-ada-standards/guide-to-the-ada-standards/animations). Setting aside that this animated video addresses a two-tiered transaction counter and presents factual circumstances not at issue in this case, plaintiff cites no authority suggesting that the Access Board's recommendations should be afforded greater weight than the DOJ's interpretation of its own regulation.

In sum, this order concludes that plaintiff has failed to show defendant lacked an accessible transaction counter. Plaintiff's motion for summary judgment on his ADA claim is accordingly **DENIED**.[2]

### 2. CALIFORNIA'S UNRUH CIVIL RIGHTS ACT.

A violation of the ADA is by statutory definition a violation of the Unruh Act. Cal. Civ. Code §§ 51(f), 54(c). To establish a violation of the Unruh Act independent of an ADA claim, a plaintiff must "plead and prove intentional discrimination in public accommodations in violation of the terms of the Act." *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661 (2009)). "The California Supreme Court has clarified that the Unruh Act contemplates 'willful, affirmative misconduct on the part of those who violate the Act' and that

---

[2] This order accordingly need not reach defendant's alternative arguments that this action is time barred and that a genuine issue of material fact exists as to plaintiff's standing.

6

a plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy." *Ibid.* (citing *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824 (2005)).

As explained above, defendant's transaction counter met Section 904.4.1's length requirement and plaintiff has therefore failed to demonstrate a predicate violation of the ADA. Plaintiff does not argue that defendant's conduct amounted to intentional discrimination. Plaintiff's motion for summary judgment on his Unruh Act claim is also **DENIED.**

## CONCLUSION

For the reasons stated, plaintiff's motion for summary judgment is **DENIED**. Under FRCP 56(f)(1), a court may grant summary judgment for a nonmovant after giving notice and a reasonable time to respond. Defendant opposed plaintiff's motion for summary judgment but did not file its own motion for summary judgment by the deadline set forth in the case management order herein. Nevertheless, having found no genuine dispute of material fact, and having also determined that plaintiff is not entitled to summary judgment on either of his claims, the undersigned is inclined to grant summary judgment for defendant. The parties have until **APRIL 12 AT NOON** to show cause why summary judgment should not be granted to defendant Starbucks Corporation.

**IT IS SO ORDERED.**

Dated: March 29, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE