CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, <br><br>    Plaintiff, <br><br> v. <br><br> **Blackhawk Centercal, LLC**, a Delaware Limited Liability Company; <br> **Starbucks Corporation,** a Washington Corporation; and Does 1-10, <br><br>    Defendants. | **Case No**. 3:17-cv-02454-WHA <br><br> **Plaintiff's Response to the Court's Order to Show Cause dated 3-29-19** |

On March 29, 2019, this court denied Johnson's motion for summary judgment, holding that section 904.4.1 of the ADA Standards does not require any amount of "clear" counter space[1] and that so long as the counter was built in compliance with the ADA Standards, section 904.4.1 has been met[2] and that the duty to maintain the accessibility of features (found in 28 C.F.R. § 36.211(a)) does not require that the wheelchair accessible counter be kept

---

[1] Order (Docket Entry 120), p. 4, lines 18-20.
[2] Order (Docket Entry 120), p. 4, lines 6-8.

1

clear of merchandise to maintain any useable clear width.[3] Given that the facts are uncontested, the court asks why summary judgment should not be granted for Starbucks.

Johnson agrees that it would be a waste of the court's and the parties' resources to force another round of briefing given that the facts are uncontested and the issues well developed. Given the court's interpretation of the law, there is no reason why the court should not grant summary judgment to Starbucks and let Johnson seek appellate review.

If the court is inclined to stick with its March 29, 2019 ruling, then summary judgment should be granted to Starbucks. If, however, the court is inclined to add additional reasonings to its ruling, Johnson would respectfully request an opportunity to address those reasonings.

Dated: April 2, 2019    CENTER FOR DISABILITY ACCESS

By: ___s/ Russell Handy_____.
Russell Handy, Esq.
Attorney for plaintiff

---

[3] Order (Docket Entry 120), p. 5, lines 1-22.